

U.S. Department of Justice

United States Attorney
Eastern District of New York

PH:RMP  
F. #2020V00287

271 Cadman Plaza East  
Brooklyn, New York 11201

February 14, 2020

By ECF

The Honorable Rachel P. Kovner  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, New York 11201

      Re:   Ismet Kukic v. United States  
                 Miscellaneous Docket No. 20-207 (RPK)

Dear Judge Kovner:

      The government respectfully submits this letter in response to the Order to Show Cause that Your Honor entered in the above-captioned case on January 28, 2020, directing the government to file by February 17, 2020 a response to petitioner Ismet Kukic's pro se motion to expunge or seal the record of his conviction in United States v. Salvatore Aparo, et al., 1:01-CR-416 (ILG), and to address whether the Court has subject matter jurisdiction over the motion. For the reasons set forth below, the Court does not have jurisdiction to grant the requested relief.

      Kukic pleaded guilty in 2002 to one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and he was sentenced to a term of imprisonment of one year and one day, to be followed by three years of supervised release. He completed his term of supervision on December 2, 2006. Kukic filed the present motion on January 23, 2020 to seek expungement of the record of his conviction on equitable or humanitarian grounds: he suggests that he has been successfully rehabilitated because he has led a productive life since his release and has contributed to his family and community. Even assuming that Kukic has accurately characterized his rehabilitation, he has not identified any legal grounds for expungement. Nor is the government aware of any that could be applicable.

The Second Circuit addressed a very similar motion in <u>Jane Doe, 14-MC-1412 v. United States</u>, 833 F.3d 192 (2d. Cir. 2016). In that case, an individual who had been convicted of health care fraud in 2001 and sentenced principally to five years of probation filed a motion to expunge the record of that conviction approximately seven years after her sentence was completed. <u>Id.</u> at 193. She sought expungement because her conviction purportedly prevented her from getting a job as a home health aide. <u>Id.</u> The district court held that it had ancillary jurisdiction to consider the motion, <u>id.</u> at 195, and granted it. The Second Circuit reversed.

The Second Circuit observed that federal courts have limited jurisdiction, and concluded that the district court "did not have jurisdiction over [the expungement] motion pursuant to 18 U.S.C. § 3231"—which confers original jurisdiction on district courts for offenses against the laws of the United States—"because [the petitioner's] conviction was valid and the underlying criminal case had long since concluded." <u>Id.</u> at 196. The court then analyzed whether the district court had ancillary jurisdiction, which "is aimed at enabling a court to administer justice <u>within the scope of its jurisdiction</u>," <u>id.</u> at 197 (emphasis in original), and concluded that it did not, because the conviction was valid and final, <u>id.</u> at 199. The court noted that "Congress has previously authorized district courts to expunge lawful convictions under certain limited circumstances," <u>id.</u> (citing 18 U.S.C. §§ 3607(c) and 5021(b) (the latter repealed in 1984), which authorized expungement for certain youth offenders), but that no such authorization applied to the petitioner.

The present motion faces the same infirmity. Kukic's conviction, like the conviction of the petitioner in <u>Doe</u>, is valid and final. Accordingly, as the Second Circuit held in <u>Doe</u>, this court does not have jurisdiction over the motion pursuant to 18 U.S.C. § 3231 or under the doctrine of ancillary jurisdiction. The statutory provisions by which Congress has authorized expungement in limited circumstances do not apply, nor is the

2

government aware of any other provision of law that would permit the court to grant the relief the petitioner seeks.[1]

                                                Respectfully submitted,

                                                RICHARD P. DONOGHUE
                                                United States Attorney

                          By:    /s/ Robert M. Pollack
                                 Robert M. Pollack
                                 Assistant U.S. Attorney
                                 (718) 254-6232

cc:     Clerk of Court (RPK) (By ECF)
        Ismet Kukic (By Certified Mail)

---

[1] Although styled as a motion to expunge, Kukic's motion actually seeks to expunge or seal the record of his conviction. The petitioner in Doe sought expungement, but the Second Circuit observed that the relief granted by the district court was effectively not expungement, but sealing. 833 F.3d at 196 n.1. The outcome was the same irrespective of that difference, and it is the same here.